SEARS, ROEBUCK & COMPANY, Plaintiff,

v.

Linda M. ARNOLDI, Defendant.

In the Matter of Linda M. ARNOLDI, Debtor.

Bankruptcy Nos. 3–81–03064. Adv. No. 3–81–0858.

United States Bankruptcy Court, S. D. Ohio, W. D.

Feb. 10, 1982.

Janice L. Jessup, Dayton, Ohio, for debtor.

Eugene Jablinski, Dayton, Ohio, trustee.

Ronald E. Reichard, Dayton, Ohio, for plaintiff.

## DECISION AND ORDER

CHARLES A. ANDERSON, Bankruptcy Judge.

Plaintiff filed a complaint on 14 December 1981 seeking a judgment of non-dischargeability of a debt incurred in two purchases, a radio and a microwave oven. It is alleged these items were sold "to friends" and, thereby, "Defendant has converted purchased property having a fair market value of $458.90" upon which Sears holds a security interest.

Defendant by Answer filed on 21 December 1981 admits that she sold these items, but denies that Plaintiff retained a security interest because of failure to file Financing Statements.

On 13 January 1982 Defendant filed a Motion for Summary Judgment, based upon Ohio Revised Code § 1309.26(B) (UCC 9–307) *. By affidavit Defendant deposes "she was unaware of any security interest in the items." We note, however, that her signature appears upon the complex "Sears charge" agreements, containing a clause, reading, as follows:

7. SECURITY INTEREST IN GOODS. Sears has a security interest under the Uniform Commercial Code in all merchandise charged to the account. If I do not make payments as agreed, the security interest allows Sears to repossess only the merchandise which has not been paid in full. I am responsible for any loss or damage to the merchandise until the price is fully paid. Any payments I make will first be used to pay any unpaid insurance or Finance Charge(s), and than to pay for the earliest charges on the account. If more than one item is charged on the same date, my payment will apply first to the lowest priced item.

No case precedents have been cited by either party. The gist of Defendant's argument is that, "... where the visibility of such intentions by the Plaintiff-seller's statement of sale is [d]-uch that no reasonable prudent purchaser of goods would be on notice of such intended transaction, there can not be a perfection under Article 9 of the UCC."

It is axiomatic that a basic Uniform Commercial Code concept renders unnecessary notice filing of Financing Statements to perfect a security interest in consumer goods as between the purchaser and buyer, such as now involved. Ohio Revised Code § 1309.21(A)(4) (UCC 9–302).

Defendant urges a literal interpretation of § 1309.26(B) which is very interesting. A careful reading of the section indi-

---

* (B) In the case of consumer goods a buyer takes free of a security interest even though perfected if he buys without knowledge of the security interest, for value, and for his own personal, family, or household purposes unless prior to the purchase the secured party has filed a financing statement covering such goods.

cates, however, that the filing requirement is designed only to protect subsequent purchasers from undisclosed purchase money security interests in consumer goods. The security interest attaches (except where the goods are fixtures or motor vehicles), that is comes into existence, when there is (a) an agreement that there be a security interest, (b) the giving of value by the creditor, and (c) the acquisition by the debtor of rights in the collateral. See Ohio Revised Code § 1309.14 (UCC 9–203). Once it has attached, the only purpose of notice filing is to determine against whom it has been perfected. In the case of consumer goods as here involved it is perfected as to the debtor if there has not been notice filings and can be discharged only by compliance with the terms of the agreement as to the original debtor.

After perfection, a subsequent buyer is protected by § 1309.26(B), not affecting the original debtor. Such is the significance of the words of the statute "... unless prior to purchase...." Obviously, the security interest in the collateral sold to debtor could not be perfected "prior to purchase" if delivery and code attachment had not occurred.

■ The Defendant does not urge the invalidity of the security agreement; but, only disclaims knowledge. It is incongruous to believe that a debtor can purport to invalidate a security interest under the guise of transferring valid title to a *bona fide* purchaser for value. If the validity of the security agreement is involved, such is not a Uniform Commercial Code perfection issue.

It is, therefore, *ADJUDGED AND ORDERED* that Defendant's motion for summary judgment is denied.